UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
MICHAEL D BLAIES and
ANGELLE M BLAIES,
Debtors.
_____/
MICHAEL D. BLAIES and
ANGELLE D. BLAIES,

        Appellants,

v.

KRISPEN S. CARROLL
Chapter 13 Trustee,

        Appellee.
_____/

Case No. 10- CV-11887

Honorable John Corbett O'Meara

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT'S
FINAL ORDER CONFIRMING PLAN**

This matter came before the court on appellants Michael D. Blaies and Angelle D. Blaies's May 25, 2010 appeal of the bankruptcy court's April 24, 2010 order to confirm Chapter 13 Plan. Appellee Krispen S. Carroll, Chapter 13 Trustee, ("Trustee") filed her brief June 8, 2010. Debtors filed a reply June 22, 2010. No oral argument was heard.

**BACKGROUND FACTS**

On September 4, 2009, debtors Michael D. Blaies and Angelle M. Blaies filed for relief under Chapter 13 of the United States Bankruptcy Code. On September 21, 2009, Debtors filed a Chapter 13 plan proposing a 60-month duration, their Summary of Schedules, their Schedules

A-J, and their Chapter 13 Statement of Current Monthly Disposable Income and Calculation of Commitment Period and Disposable Income- Form 22C ("Form 22C").

Debtors' Form 22C utilized deductions on Lines 47 and 48 for payments and cure amounts relating to a second and third mortgage that were being stripped of their liens by the filing of an adversary case. On October 28, 2009, Trustee filed her original objections to these deductions on the grounds that the mortgage debts were wholly unsecured.

Debtors' "current monthly income" as reflected on Form 22C was $9,516.24, the equivalent of an annualized income of $114,194.88. The applicable median family income for a household of four is $76,312.00. Debtors' annual income exceeded the applicable family income. Debtors acknowledge that Form 22C states that the applicable commitment period for Debtors with above-median income level is five years and completed the remainder of Form 22C based upon that fact. The original plan proposed was 60 months.

On January 6, 2010, Debtors filed a first amended Chapter 13 plan reducing the plan length to 36 months. Debtors suggest that this is the appropriate length of the plan since "Monthly Disposable Income Under §1325(b)(2)," Line 59 of Form 22C, reflects negative $573.83. Debtors' first amended plan did not propose full payment of all allowed unsecured claims. The first amended plan offered a $15,573.31 pro-rata base amount to unsecured creditors. This figure represents 12% of Debtors' scheduled unsecured claims totaling $129,524.47. The Trustee, relying on 11 U.S.C. §1325(b)(4), filed Supplemental Objections to Debtors' Proposed First Amended Chapter 13 Plan on February 1, 2010, objecting to the reduction of the plan length from 60 to 36 months on the grounds that Debtors' income is above the median level and less than payment in full was offered to unsecured creditors.

Due to a decrease in income, Debtors filed a second amended plan on February 16, 2010. The second amended plan provided for a 36-month plan offering a $103.03 pro-rata base amount. This figure represents effectively 0% of Debtors' scheduled unsecured claims. A 60-month plan would have yielded $4,953.86 to unsecured creditors.

At the February 17, 2010, Adjourned Confirmation Hearing, the bankruptcy court sustained the Trustee's objections to confirmation regarding the deductions for second and third mortgages on Form 22C. The court also sustained Trustee's objections concerning the applicable commitment period. The court relied on its previous ruling in In re Yoshikawa, No. 09-68268 (Bankr. E.D. Mich. 2009) *appeal docketed,* holding that where debtors were above the median income level, even if they have negative disposable income, the "applicable commitment period" applies.

Debtors amended their Form 22C and Chapter 13 Plan, deleting deductions for the second and third mortgages and extending plan length to 60 months. Debtors then objected to their Third Amended Chapter 13 Plan. The bankruptcy court subsequently overruled the Debtors' Objection to the Third Amended Chapter 13 Plan and entered an Order Confirming Plan.

## STANDARD OF REVIEW

A district court reviews a bankruptcy court's legal conclusions *de novo*. In re The Gibson Group, Inc., 66 F.3d 1436, 1440 (6th Cir. 1995).

## LAW AND ANALYSIS

Debtors appeal the confirmation of the bankruptcy plan, alleging the bankruptcy court reached an incorrect legal conclusion by (1) rejecting Debtors' argument that they could deduct monthly mortgage payments for second and third mortgages although they obtained orders to

strip the liens by filing an adversary case, and (2) determining that the "applicable commitment period" applies to above median income Chapter 13 Debtors with no projected disposable income.

The deductions on Lines 47 and 48 correspond to 11 U.S.C. §707(b)(2)(A)(iii), which states:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of—
>
> > (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
>
> > (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;

Lines 47 and 48 are titled "Future payments on secured claims" and "Other payments on secured claims," respectively.

Debtors argue that payments on the second and third mortgages were secured claims contractually due at the time of filing and should be deductable. In support of their argument, Debtors further contend that the language of the orders for default judgment against a creditor in an adversary proceeding does not strip the lien from the property until the discharge order is entered in the Chapter 13 case after completion of the plan.

Debtors' arguments fail to take into account the unsecured nature of the second and third mortgages. Under the bankruptcy code, a lien and secured interest are not synonymous. In re Lane, 280 F.3d 663, 665 (6th Cir. 2002). "Whether a lien claimant is the holder of a 'secured claim' or an 'unsecured claim' depends, thanks to § 506(a), on whether the claimant's security interest has any actual 'value.'" In re Lane, 280 F.3d at 669. The second and third mortgages on

Debtors' homestead are valueless since the value of the home is less than the total amount owed on the first mortgage. Lines 47 and 48 of Form 22C, corresponding to 11 U.S.C. § 707(b)(2)(A)(iii), apply only to secured debts; therefore, Debtors are not entitled to take the deductions for the second and third mortgages. The Debtors' reliance on In re Thomas, 395 B.R. 914 (6th Cir. B.A.P. 2008), In re Marshall, 407 B.R. 1 (Bankr. D. Mass. 2009), and other cases which discuss the ability to deduct payment for collateral which the debtor is to surrender is unpersuasive.

Prohibiting Debtors from taking deductions on Lines 47 and 48 for payments on a second and third mortgage, "Monthly Disposable Income Under §1325(b)(2)," Line 59 of Form 22C, would have reflected a positive number. This court, therefore, declines to reach the issue of whether or not the "applicable commitment period" applies to above median income debtors whose forms reflect negative projected disposable income.

## ORDER

It is hereby **ORDERED** that the April 24, 2010 order of the bankruptcy court is **AFFIRMED**.


Date: August 11, 2010                                s/John Corbett O'Meara
                                                     United States District Judge


I hereby certify that a copy of this order was served upon the parties of record on August 11, 2010, using the ECF system and/or by ordinary mail.

                                                     s/William Barkholz
                                                     Case Manager

5